## Weil v. Heinz.

*Practice, C. P.—Subpœna duces tecum—Answers to interrogatories—Evidence—Jurisdiction—Act of May 5, 1921, P. L. 374.*

1. The Common Pleas has no jurisdiction, where an action is pending in another state, to compel the production of books of account and records in advance of the trial or to compel a defendant to answer interrogatories or testify in other than the manner in which he would be compelled to testify were the proceedings pending in a court in this State.

2. In such case, the only remedy available for the production of writings in advance of the trial in aid of either the pleadings or the proofs is in equity by a bill of discovery.

Rule to show cause why a subpœna *duces tecum* should not issue and to answer interrogatories. C. P. Lackawanna Co., Oct. T., 1923, No. 345.

*Knapp, O'Malley, Hill & Harris,* for plaintiff; *R. L. Levy,* for defendant.

EDWARDS, P. J., Aug. 11, 1924.—In the Supreme Court of Queens County, New York, there is a case pending, in which Nathan A. Weil is plaintiff and Bernard Heinz is defendant. A commission was issued from said court authorizing William M. Curry, Esq., of Scranton, Pennsylvania, to present certain interrogatories to the defendant to be by him answered under oath. The interrogatories are fifty-one in number and cover six typewritten pages. The defendant was examined by the commissioner; and we have before us the interrogatories, a large number of which the defendant refused to answer on advice of his counsel. One interrogatory and answer is a sufficient illustration of the defendant's attitude:

Interrogatory No. 7. "Produce your books of account and records which contain the entries from which you have determined the amounts stated by you in answer to the preceding interrogatories and state the name or description of each book or record so produced, and whether such books and records were regularly kept by you in the conduct of such business during the year 1920."

Answer. "The production of the books of account and records asked for in interrogatory No. 7 would require me to produce a vast number of books and records and would result in the practical suspension of my business and would require me to make a copy of my set of books used in my business during the year 1920, which shows every detail of the business. I am not producing these books, because I am advised by counsel that I am not required to produce these books, in the absence of an order of the court or a subpœna to produce them at this time. I will add further that to give information asked for in these various interrogatories concerning these books would put me to a vast amount of expense, as in effect an audit is asked for and also a copy of my entire set of books."

### Weil v. Heinz.

Counsel for defendant contend that the commission, as issued by the State of New York, authorizes the commissioner to examine Bernard Heinz only; not to examine the books of the firm, nor to require defendant to furnish copies of the book entries. Two objections are interposed. They are as follows:

"1. The interrogatories which it is claimed that your petitioner has failed to answer are not interrogatories seeking to elicit evidence from the petitioner, but the interrogatories seek to secure the contents of books in the possession of your petitioner and to obtain copies of the contents of these books. The interrogatories are not in the nature of an examination of the petitioner, but, on the contrary, seek to show the contents of books and papers outside of the knowledge of your petitioner.

"2. There is no authority contained in the commission, as issued to W. M. Curry, to examine books and papers in the possession of the defendant and make copies thereof."

A further objection is: "3. The relief as prayed for by virtue of the rule heretofore granted could not be granted in a proceeding in the courts of Pennsylvania, and this court is without authority to compel a defendant to answer any interrogatories or to compel him to testify in other than the manner in which he would be compelled to testify were the proceedings pending in a court in this State."

The evident purpose of the plaintiff, by means of the interrogatories, is to obtain a complete copy of the books and records kept in the defendant's business for a period of one year or more. The commission provides for the examination of Heinz himself. It is true that books of account, cash books, inventories, balance sheets and schedules of various kinds connected with an extensive business may be produced and shown to the witness for the purpose of identification and so as to make such papers competent as evidence; but where the commission simply directs the examination of the witness, the defendant in this case, without reference to the books of account, copies of the latter cannot be furnished.

Another objection interposed is that the plaintiff is not entitled to the books of account, or copies of them, by means of interrogatories and a commission. The case in New York is still pending, and plaintiff's effort is to secure the contents of the books in advance of trial. The Act of May 5, 1921, P. L. 374, provides that whenever any commission is issued out of any court of record of any state, or of any jurisdiction outside of Pennsylvania, "witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State." It is contended that this Act of 1921 does not change the rule or method by which papers or books could be produced in advance of trial. The plaintiff's right to the production of such records must be determined by the law in force in Pennsylvania. In our State, how can a defendant be compelled to produce and exhibit papers prior to trial at the instance of the plaintiff? In the case of Morris v. Samter, 22 Lacka. Jurist, 101, Judge Newcomb, in the matter of the production of a lease, held that the only remedy available for the production of a writing in advance of a trial, in aid either of the pleadings or the proofs, is in equity by bill of discovery. To the same effect is the decision of Judge Martin in Graham v. Cummings, 11 Dist. R. 68.

Now, Aug. 11, 1924, the rule to show cause why a subpœna *duces tecum* should not issue is discharged.

From William A. Wilcox, Scranton, Pa.